UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY A. KLICK, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 3:12-cv-00115-RCJ-WGC |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. et al., | ) | ORDER |
|         Defendants. | ) | |

This is an insurance bad faith case. Pending before the Court is a Motion for Summary Judgment (ECF No. 33). For the reasons given herein, the Court denies the Motion.

I.    **FACTS AND PROCEDURAL HISTORY**

On July 18, 2008, Plaintiff Gregory A. Klick sustained injuries in an automobile accident and timely thereafter notified Defendant State Farm Mutual Automobile Insurance Co. of a potential claim for underinsured motorist ("UIM") benefits under his policy then in effect (the "Policy"). (Compl. paras. V–VI, Jan. 23, 2012, ECF No. 1, at 8). Despite Plaintiff's attorney's demands, "Defendant failed and/or refused to reasonably and adequately investigate, reasonably and adequately evaluate and refuses to pay those benefits due and owing under [the Policy]." (*Id.* para. VII.).

Plaintiff sued Defendant in state court for breach of contract, insurance bad faith, and

deceptive trade practices under Nevada Revised Statutes ("NRS") section 686A.310. Defendant removed in diversity. Plaintiff sought to remand for failure to satisfy the jurisdictional amount, and the Court denied the motion. Defendant never moved to dismiss but has now moved for summary judgment.

## II.     LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   ANALYSIS

Defendant argues that the case is "a simple value dispute." Defendant notes that it paid Plaintiff for his medical bills, and that Plaintiff settled with the third-party tortfeasor, but that it has refused to pay any more under the Policy because of a disagreement over the evaluation of Plaintiff's injuries. Specifically, Defendant argues that certain injuries Plaintiff claims were the sole result of several previous spinal surgeries and related treatment.

Most importantly, Defendant also recounts the history of its communications with Plaintiff and counsel after the accident. The Policy provided UIM limits of $100,000 per person

and $300,000 per incident. (*See* Policy, ECF No. 33, at 45).[1] In his response to Defendant's Interrogatories 6 and 13 of the First Set of Interrogatories, Plaintiff revealed that he had previously suffered lower back pain resulting from a hernia and lumbar disc disease, for which he had been treated by fifteen doctors and two physical therapy centers, though he claimed the condition had been absent for five months before the accident. (*See* Response, July 16, 2012, ECF No. 33, at 58). Plaintiff claimed $77,680.01 in lost wages and other consequential damages of lost employment and provided his annual gross incomes in support, in response to another interrogatory. (*See id.*). Plaintiff testified at his deposition that he had had back problems for nearly a decade before the accident, had been unhappy with his previous back surgery, and had been taking painkillers daily until the night before the accident. (*See* Klick Dep. 21–39, Nov. 14, 2012, ECF No. 33, at 79). But he also testified that immediately after the accident, the pain increased significantly and that he drove to the emergency room after talking to the officer at the scene. (*See id.* 42–43). He testified that his local State Farm agent gave him an address in Arizona to which to send his medical bills, and that after paying for a few of them, Defendant stopped responding to his requests for reimbursement. (*Id.* 44–47). It was at that time that Plaintiff retained his present counsel despite having never had to retain counsel, because no one at State Farm would communicate with him. (*Id.* 47, 73–74). Plaintiff had no further knowledge of subsequent communications between State Farm and counsel. (*Id.* 76–77). The State of Nevada (the tortfeasor) ultimately paid him $74,000, $1000 less than the statutory cap on its liability. (*Id.* 74–75).

The Court denies summary judgment as to all claims. Defendant has failed to satisfy its initial burden. Plaintiff's deposition testimony concerning Defendant's initial ceasing of communications with him is enough to avoid summary judgment as to all claims such that the

---

[1] The declarations adduced indicate a policy term ending in May 2008. But Plaintiff adduces no contrary evidence indicating that the policy limits increased before the July 2008 accident.

Court need not examine later communications between State Farm and counsel for further evidence of bad faith for the purposes of summary judgment.  There are genuine issues of material fact as to the damages suffered by Plaintiff and payable by Defendant under the Policy (up to the limits of the Policy), whether Defendant acted in bad faith by ceasing communications with Plaintiff, and whether the later violated Nevada's Deceptive Trade Practices Act.

Although Defendant argues that Plaintiff rests his breach of contract claim not upon a failure to satisfy contractual obligations but upon a failure to "promptly investigate, evaluate, and pay," which claim would appear to be subsumed by the bad faith and/or deceptive trade practices claims, it appears to the Court that Plaintiff argues he has uncompensated damages covered under the Policy, within policy limits, and beyond what Defendant has paid him.  If that turns out not to be the case at trial, Defendant will be entitled to a directed verdict on at least the breach of contract claim.  But Defendant has not shown that it has paid the Policy limits or that it is undisputed that any difference between the policy limits and what Defendant has paid is not due based upon the alleged lost wages, pain and suffering, etc.  As to the bad faith claim, if the facts are as Plaintiff testified at his deposition, i.e., that Defendant ignored his requests for payment of medical bills without any communication at all, a jury could find that Defendant put its own interests above Plaintiffs, denying his claims without any reasonable basis.  The issues in this case must be resolved by a jury.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated this 27th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge